# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2010

No. 10-20175
Summary Calendar

Lyle W. Cayce
Clerk

BENNETH E. OKPALA,

Plaintiff–Appellant,

v.

CITY OF HOUSTON; BILL WHITE, individually; ANNISE PARKER, in her official capacity as Mayor; MICHAEL MOORE, individually; MARLENE GAFRICK, Individually,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(07-CV-1555)

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Benneth E. Okpala (Okpala) appeals the district court's dismissal and grant of summary judgment for the City of Houston (City) on his Title VII retaliation claims and judgment as a matter of law for the City on his Title VII discrimination on the basis of national origin claim. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I

Benneth E. Okpala is a native of Nigeria, and is a naturalized citizen of the United States. He has a bachelor's degree in architecture from the University of Houston, a master's degree in planning from Texas Southern University, and attended law school for some period of time. Okpala had been certified by the American Institute of Certified Planners, but his certification had lapsed by the time of trial.

Okpala was hired by the City of Houston in 1988 as a planner; he was promoted to senior planner in 1998, and held that position in the City's Planning and Development Department (Department) at the time his employment was terminated. City planners performed such duties as reviewing and creating short- and long-term development plans, ensuring that proposed plats conformed to the City's development ordinance and state law, and communicating those plans with neighborhoods and communities in the City.

In September of 2005, Marlene Gafrick was appointed by Mayor Bill White to be the Department director. Director Gafrick determined that a reorganization of the Department would result in more efficient use of the City's resources, including its trained planners. In addition, the Development Services division was struggling under pressure to meet state and local deadlines for plat review during an unusually busy time of development around the City. Because the reorganization of the Department would result in the elimination of some positions, the director developed a layoff plan in consultation with the division managers and the Selection Services Division of the City's Department of Human Resources (HR).

The City's Rule 11 provides for a "last-come, first-leave" general rule for City departments conducting layoffs for any of a variety of reasons, including a reorganization of the department. Under this rule, employees are placed on a

No. 10-20175

tiered list based on seniority and merit score. An employee who would otherwise be among the first to be laid off may be exempted if the department director "makes a written finding that: (1) [t]he exempted employee(s) have educational or training skills or licenses relevant to their work functions that are not possessed by the employee or employees who would otherwise replace them, and (2) [t]he retraining of the employee or employees who would otherwise replace the exempted employee(s) would cause a deterioration of service delivery or service quality by the department."[1]

After consultation with managers and the HR department, Gafrick determined that several Department employees with less seniority than Okpala would be exempted from layoff because their skill sets were required to avoid deterioration in Department services and quality. Okpala and three other senior planners were among the employees laid off in March of 2006, despite their seniority. Those employees who were not exempted from layoff were placed, as required by ordinance, on the City's reemployment list, through which they received some priority consideration for other positions that opened in the City.

All four senior planners who were laid off were African males. The senior planners who were exempted from layoff were Shannon Teasley, an African American female, Michael Grace, an African American male, Amar Mohite, an Indian male, Donald Perkins, an African American male, Stanley Ikpo, an African male, and Jason Jeffries, a white male.

All of the senior planners who were laid off—except Okpala—were subsequently rehired for other positions within the City. Okpala was unemployed at the time of trial, despite having been placed on the City's reemployment list for one year after his layoff.

---

[1] HOUSTON, TEX., CODE § 14-141(e).

No. 10-20175

Okpala filed suit against the City and individual defendants Mayor Bill White, Marlene Gafrick, and Michael Moore, claiming violations of his due process rights, 42 U.S.C. §§ 1983 and 1981, and Title VII's prohibitions against discrimination on the basis of national origin and retaliation for protected activities. The due process and §§ 1983 and 1981 claims were dismissed by the district court, and Okpala does not appeal their dismissal. The claims against the individual defendants have been variously dismissed by the district court or dropped by the appellant, and the only claims at issue in this appeal are against the City of Houston.

Okpala disputes the district court's rulings on his claims of retaliation and discrimination on the basis of national origin. Before trial, the district court dismissed Okpala's claim of retaliation regarding his layoff, finding that the claim had not been administratively exhausted. The district court also granted summary judgment for the City on Okpala's claim of retaliation regarding the City's failure to rehire him after he was placed on the reemployment list. The parties then proceeded to trial on the claim of discrimination on the basis of national origin. After both parties had rested their cases, but before the case was submitted to the jury, the district court granted the City's motion for judgment as a matter of law on Okpala's discrimination claim.

## II

Okpala raises four issues contesting the district court's rulings below. We address each in turn.

Okpala first contends that the district court erred in its finding that the City failed to follow the City's layoff ordinance, Rule 11, in its decision to lay him off. He argues that such a failure shows that the City's stated reasons for the reorganization were pretextual. However, uncontested evidence at trial showed that the Department director consulted with the human resources (HR)

department to make sure that Rule 11 was followed in the layoff.  The City's Rule 11 experts, the HR department, approved the plan as conforming to Rule 11, as shown in testimony by Roderick Newman, manager of the HR division responsible for ensuring compliance with Rule 11.

Even had Okpala shown that the City failed to follow its own procedures in the layoff , he must also show that the procedure was adhered to differently in cases involving employees who were not members of his protected group.[2] The uncontested evidence shows that Rule 11 was applied similarly to employees who were members of the protected group and those who were not.  Therefore, Okpala has not shown pretext in the City's alleged failure to follow Rule 11.

## III

Okpala also argues that the district court erred by granting the City's motion for judgment as a matter of law (JMOL) on Okpala's claim of Title VII discrimination on the basis of national origin.  Okpala has not carried his burden of showing discrimination under the *McDonnell Douglas* burden-shifting framework.[3]

A court may grant JMOL on an issue on which the party has been fully heard "during a jury trial and the court finds that a reasonable jury would not

---

[2] *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 346 (5th Cir. 2007).

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  The plaintiff must first establish a prima facie case of discrimination by showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside of the protected class or was treated less favorably than other similarly situated employees outside the protected class. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).  The employer must rebut the presumption of discrimination raised by the prima facie case by articulating a nondiscriminatory reason for its adverse employment action.  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007).  The burden then shifts back to the plaintiff to prove that the employer's proffered explanation is merely pretextual.  *McCoy*, 492 F.3d at 557.

have a legally sufficient evidentiary basis to find for the party on that issue."[4] The court should "view the entire record in the light most favorable to the non-movant, drawing all factual inferences in favor of the non-moving party, and leaving credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences of the facts to the jury."[5] The JMOL is "properly granted if the facts and inferences point so strongly and overwhelmingly in favor of one party that the [c]ourt believes that reasonable men could not arrive at a contrary verdict."[6] A "mere scintilla" of evidence is insufficient to present a question to the jury.[7]

Okpala argues that Director Gafrick used the reorganization as a pretext for the termination of employment of the Department's African employees. Okpala has introduced no evidence, however, to contradict the testimony from the Department managers and director that the reorganization was necessary to relieve the pressure on the Development Services Division to meet state and locally mandated deadlines for plat review. Okpala introduced no evidence to contradict the evaluation of the skill sets of the employees who were exempted from the layoff and who were considered to be critical to the continued services of the division. Uncontroverted evidence at trial showed that Okpala's mapping and plat review experience was not recent, and he had not kept up with transitions to computer-based systems. In addition, Okpala introduced no evidence to contradict testimony that the reorganization made the Department

---

[4] FED. R. CIV. PROC. 50(a)(1).

[5] *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 179 (5th Cir. 1999) (citations omitted).

[6] *Id.* (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997) (en banc)).

[7] *Id.* (quoting *Deffenbaugh-Williams* v. Wal-Mart Stores, Inc., 188 F.3d 278, 285 (5th Cir. 1999)).

No. 10-20175

more efficient by eliminating unused services and products, some of which were Okpala's projects. Last, Stanley Ikpo, who is also African, was exempted from the layoff, and continued his employment with the Department, contradicting Okpala's pretext argument.

Okpala did not introduce sufficient evidence to raise a question for the jury on the issue of discrimination on the basis of national origin.

## IV

Okpala next argues that the district court erred in its determination that he was not dismissed in retaliation for filing discrimination claims against the City. If there is no direct evidence of retaliation, a plaintiff may establish retaliation with indirect evidence under the *McDonnell Douglas* burden-shifting framework.[8] Okpala has alleged, at various points in the proceedings, two different acts of retaliation against him: (1) the decision to lay him off, and (2) the City's failure to rehire him.

The district court dismissed Okpala's claim of retaliation with regard to his layoff, finding that it was barred because it was not administratively exhausted.[9] We review de novo a district court's determination of whether the exhaustion requirement is satisfied.[10]

Neither of the EEOC charges Okpala filed following his layoff can be reasonably construed to trigger an investigation by the EEOC of a charge of

---

[8] *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003); *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 330 (5th Cir. 2004). To establish a prima facie case of retaliation, the plaintiff must show that "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007).

[9] *See McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)).

[10] *Pacheco*, 448 F.3d at 788.

retaliation regarding Okpala's layoff.[11]  We agree with the district court that Okpala did not fulfill the administrative exhaustion requirement, and that the charge was time-barred at the time he filed his complaint in the district court.

Okpala has also claimed that the City retaliated against him when it failed to rehire him after his layoff from the Planning and Development Department. Though Okpala's brief does not fully present this issue, his argument does raise it, and we address it here out of an abundance of caution.  The district court granted the City's motion for summary judgment on this claim, finding that there was no admissible evidence to show a genuine issue of material fact supporting a claim of retaliation.[12]  We review the district court's summary judgment decision de novo,[13] resolving factual disputes in the summary judgment evidence in favor of the nonmoving party.[14]

In its ruling granting summary judgment to the City, the district court found that the direct evidence Okpala had produced to show retaliation in the City's failure to rehire him was inadmissible hearsay.  We review the district court's rulings on the admissibility of summary judgment evidence, subject to the same rules of admissibility applicable to a trial, for abuse of discretion.[15]

The only direct evidence Okpala produced to respond to the City's motion for summary judgment on the claim of retaliation was the minutes from a meeting of the Igbo Union Houston, Inc.  The district court assumed without

---

[11] The scope of an EEOC charge is construed somewhat liberally, but the charge must be sufficient to "'trigger the investigatory and conciliatory procedures of the EEOC.'" *McLain*, 519 F.3d at 273 (quoting *Pacheco*, 448 F.3d at 788-89).

[12] *Freeman v. Tex. Dep't Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (quoting FED. R. CIV. P. 56(c)).

[13] *Id.* at 859.

[14] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[15] *Resolution Trust Co. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995); *Tex. E. Transmission Corp. v. Amerada Hess Corp.*, 145 F.3d 737, 741 (5th Cir. 1998).

deciding that the minutes were admissible as a business record.[16]   However, Okpala did not show at summary judgment, and does not advance arguments on appeal, that the series of hearsay statements in the minutes were each admissible under exceptions to the hearsay rule.[17]   The district court did not therefore abuse its discretion in excluding the evidence.[18]

Neither has Okpala made a prima facie case for retaliation.[19]   Okpala produced no summary judgment evidence that he applied for positions for which he was qualified and for which he was not hired.[20]   Likewise, Okpala produced no evidence that there was a causal connection between his protected activities and the failure of any other City subdivisions to hire him.

## V

Finally, Okpala contends that the nondiscriminatory reasons given by the City for his termination were pretextual.   As discussed above, Okpala has introduced no evidence to rebut the City's legitimate, nondiscriminatory reasons for the termination of his employment.

*        *        *

The judgment is therefore AFFIRMED.

---

[16] *See* FED. R. EVID. 803(6).

[17] *See* FED. R. EVID. 805 ("Hearsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rules.").

[18] *Elementis Chromium L.P. v. Coastal States Petrol. Co.*, 450 F.3d 607, 610 (5th Cir. 2006) ("A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence.").

[19] *See Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

[20] *See Tex. Dep't Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 n.6 (1981).